{¶ 40} I write for the majority only regarding the issue of post-release control in Assignment of Error One. With respect to all other assignments of error, we concur with the lead opinion.
 {¶ 41} The state did not appeal or cross-appeal the failure of the court to state at the hearing that defendant would be subject to post-release control. Recent cases from this court have remanded such cases to correct the journal entry to reflect accurately what occurred at sentencing. State v. Fitch, Cuyahoga App. No 79937, 2002-Ohio-4891, cert. allowed 2003-Ohio-1189. See also, State v. Finger, Cuyahoga App. No. 80691, 2003-Ohio-402, cert. allowed, 2003-Ohio-1946.
 {¶ 42} Additionally, in the case at bar, this court takes judicial notice that defendant has already completed his term and was paroled on January 17, 2003. Department of Rehabilitation and Correction,www.drc.state.oh.us/cfdocs/inmate. Thus post-release control was imposed by the Parole Commission despite the lack of any notice to defendant at the time of his sentencing. When a defendant has already completed his sentence, this court has ruled "the imposition of post-release controls thereafter is precluded due to such practice being a violation of the separation of powers doctrine." State v. Murphy, Cuyahoga App. No. 80460, 2002-Ohio-3452. See also, State v. McAnich, Hamilton App. No. C-010456, 2002-Ohio-2347.
 {¶ 43} This court has previously discharged a post-release control order imposed after the defendant completed his prison term, even when the post-release control is statutorily mandated. State v. Newman[7]
(Jan. 31, 2002), Cuyahoga App. No. 80034, following State v. Hart, 2001 Ohio App. (May 31, 2001) Cuyahoga App. No. 78170, and State V. Morrissey
(Dec. 18, 2000) Cuyahoga App. No. 77179. In State v. Fitch, supra, post-release control was also statutorily mandated, but not stated at sentencing. But see State v. Johnson, Cuyahoga App. No. 80459, 2002-Ohio-4581.
 {¶ 44} Because there was no mention of post-release control either at the plea or at sentencing and because defendant has completed his sentence as articulated at sentencing, this court orders that post-release control be discharged.
 {¶ 45} The trial court, therefore, is instructed to delete from the journal entry that post-release control is part of defendant's sentence for both of the two crimes he pled guilty to.[8]
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for correction of the judgment entry of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, J. and DIANE KARPINSKI, J., concur with the majority on assignment of errors two, three and four; and concur as the majority on assignment of error one.
[7] R.C. 2929.19(B)(3)(c) requires post-release control for third degree felonies committed while harming someone. Here, the offender pled guilty to robbery and assault with a peace officer specification. Post-release control, therefore, was mandatory.
[8] Clearly, post-release control cannot be imposed for the conviction which is being reduced from a felony to a misdemeanor.